## GENERAL RIM CO. v. FIRESTONE TIRE & RUBBER CO.

Circuit Court of Appeals, Second Circuit. December 2, 1929.

No. 80.

Ashley & Foulds (Andrew Foulds, Jr., of New York City, of counsel), for appellant.

Charles Neave, of New York City, Albert L. Ely, of Akron, Ohio, and Henry R. Ashton, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM. There seems to us nothing left for invention in the claims in suit after Funk's patent 1,319,860, issued October 28, 1919, and pending in the office when Moyer applied for his patent. While it is true that Funk did not disclose the unseating of the beads of the shoe by the projection of the lugs through the holes in the rim, this was the inevitable result. Moreover, the figures show the beads on the shoe as being displaced.

We do not forget that figures alone will not ordinarily supply the place of verbal description, but, although claim four contains the element of detaching the beads, the claims in suit, Nos. 1 and 2, do not. We should hardly think that even claim 4 could survive, because Funk says that preferably his lugs pass through holes in the rim rather than sockets. Invention could scarcely rest upon the added feature that the lugs should be long enough to displace the beads, but we need not so hold, because, as we understand the case, claim 4 is not in suit.

The two arms of Funk are brought together in the same way as Moyer's. Probably in operation their further ends would first meet at an angle, and the wing bolt would have to restore them to parallel as it was screwed down. This, however, is not a patentable distinction. The underlying notion is exactly like Moyer's, and it is brought to execution in substantially the same way. It seems to us, therefore, that the claims in suit are invalid.

Decree affirmed.